UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VLV ASSOCIATES, INC., | : |
| Plaintiff, | : |
| | : **CIVIL ACTION NO.** |
| v. | : |
| BECTON, DICKINSON AND COMPANY, | : **COMPLAINT** |
| Defendant. | : |

Plaintiff VLV Associates, Inc. ("VLV") by way of complaint against defendant Becton, Dickinson and Company (BD") alleges:

## THE PARTIES

1. VLV is a New Jersey corporation with offices at 30C Ridgedale Avenue, East Hanover, New Jersey 07936.

2. Becton, Dickinson and Company, on information and belief, is a New Jersey corporation with its principal place of business at 1 Becton Drive, Franklin Lakes, New Jersey 07417.

## JURISDICTION AND VENUE

3. Jurisdiction is vested in the United States District Court pursuant to 28 U.S.C. §1331 and §1338.

1

4. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1391(c) and §1400(b).

## NATURE OF THE ACTION

5. This is an action for the infringement of U.S. Patent No. 6,699,221 ("the '221 patent") under 35 U.S.C. § 281.

6. VLV seeks damages under 35 U.S.C. § 284 for past infringement of the '221 patent and an injunction under 35 U.S.C. § 283 against future infringement of the '221 patent.

## BACKGROUND

7. VLV is and has been active in the field of medical equipment development and manufacture for over twenty-five years.

8. VLV and its principals have obtained multiple U.S. patents for the medical products including catheters, safety needles and needle guards.

9. The '221 patent, entitled "Bloodless Catheter", issued to Vincent L. Vaillancourt by the United States Patent and Trademark Office ("PTO") on March 2, 2004. A copy of the '221 patent is attached as Exhibit 1.

10. By virtue of assignments recorded in the PTO as of September 4, 2002 under Reel 013268 and Frame 0318; July 25, 2011, under Reel 026642 and Frame 0206 and April 24, 2012 under Reel 028098 and Frame 0184, VLV became the owner of the entire right, title and interest to the '221 patent.

11. On or about January 13, 2006, VLV offered to Becton Dickinson Infusion Therapy Systems ("BDITS"), a New Jersey Corporation, believed to be a subsidiary of BD, to exclusively negotiate a purchase of or, an exclusive license to, the '221 patent. No purchase or license was effected.

12. On August 12, 2010, BD filed a request for *inter partes* reexamination of the '221 patent with the PTO citing several published documents as raising a substantial new question of patentability with respect to all the claims of the '221 patent.. A copy of a PTO Notice of *Inter Partes* Reexamination Request Filing Date mailed 08/18/2010 is attached as Exhibit 2.

13. The Reexamination Request of BD was granted and a Reexamination proceeding was commenced wherein the United States Patent Examiner assigned to conduct the Reexamination has rejected all the claims of the '221 patent. VLV has taken an appeal from the rejection by the Patent Examiner to the Board of Patent Appeals and Interferences ("BPAI") of the PTO to have the Examiner's rejection of the claims reversed. This Appeal has been docketed to the BPAI as of December 28, 2011. A copy of the BPAI Docketing Notice is attached as Exhibit 3.

14. BD maintains a website, www.bd.com/infusion/products/ivcatheters/iagbc/videos that offers various items for sale in the United States and in this District including BD Insyte™ Autoguard™ BC and makes reference to a video in the website entitled BD Insyte™ Autoguard™ BC 3D Animation. A copy of a two page printout from BD's website accessed April 16, 2012 is attached as Exhibit 4. Copies of photoprints (5) taken from the referenced video are attached as Exhibit 5.

15. On information and belief, Defendant has willfully infringed the Plaintiff's patent.

## Count One
## Infringement of the '221 Patent

16. VLV repeats the allegations set forth in paragraphs 1 through 15 above as if fully set forth herein.

17. BD infringes claim 1 of the '221 patent by manufacturing, and/or using, and/or offering to sell and/or selling a bloodless catheter comprising a first hub having a bore at a

proximal end; a cannula fixed in and extending from an opposite distal end of the hub for invasive positioning in a blood vessel; and a septum seal having a weakened central section. mounted in the bore of the hub in circumferentially sealed relation to prevent a flow of fluid from the cannula to the proximal end of the hub.

18. BD infringes claim 6 of the '221 patent by manufacturing, and/or using, and/or offering to sell and/or selling a bloodless catheter as set forth in paragraph 17 with means in the hub for forming a flow path through the weakened section of the seal in response to a relative movement between this means and the seal.

19. BD infringes claim 18 of the '221 patent by manufacturing, and/or using, and/or offering to sell and/or selling a bloodless catheter as set forth in paragraph 17 wherein the cannula is a needle with a sharpened tip.

20. BD's infringement of the '221 Patent has caused damage to VLV. Under 35 U.S.C. § 284, VLV is entitled to recover damages in an amount to be proven at trial.

21. VLV will continue to be irreparably harmed by the infringement by BD of the '221 patent unless BD and its agents, subsidiaries, divisions and related entities are permanently enjoined by this Court under 35 U.S.C. § 283.

22. On information and belief, the infringement by BD has been willful and deliberate, and VLV is entitled to enhanced damages under 35 U.S.C. § 284 and attorneys fees and costs under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff VLV requests that the Court enter judgment in its favor on Count One and grant the following relief:

    a.    Preliminarily and permanently enjoin and restrain BD, its agents, subsidiaries, divisions and related entities, servants, employees, attorneys, and all persons in active concert or participation with BD, from infringing the '221 patent;

    b.    Award VLV an amount to be proven at trial to compensate VLV for damages sustained because of BD's unlawful conduct;

    c.    Defendant to account for and pay to VLV all profits derived by BD from the unlawful conduct described above;

    d.    Declare this case exceptional and treble VLV's damages;

    e.    Award the costs of suit and VLV's reasonable attorneys' fees;

    f.    Award prejudgment and post judgment interest on all liquidated sums;

    g.    Award exemplary and punitive damages as the Court finds appropriate to deter any future willful conduct; and

    h.    Award such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

VLV demands a trial by jury on all issues so triable.

                CARELLA, BYRNE, CECCHI, OLSTEIN,
                         BRODY & AGNELLO
                Five Becker Farm Road
                Roseland, NJ 07068
                (973) 994-1700

Dated: April 26, 2012        By:   s/Dennis F. Gleason
                                      Dennis F. Gleason
                                      Frank C. Hand
                                      Attorneys for
                                      VLV Associates, Inc.

## LOCAL CIVIL RULE 11.2 STATEMENT

I hereby certify that except for the reexamination proceeding before the PTO, Appeal Number 2012-003151, the matter in controversy is not the subject of any other action currently pending before this or any other court.

Dated: April 26, 2012        By:   s/Dennis F. Gleason
                                      Dennis F. Gleason

#476254